**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| BETH MAYHEW and MATTHEW MAYHEW, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:26-CV-04029-WJE |
| VLADIMIR SADOVYH, et al., | ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Pending before the Court is Plaintiffs Beth and Matthew Mayhew and Defendants Nova First, LLC ("Nova First"), Globex Transport, Inc. ("Globex"), and Vladimir Sadoyvh (collectively "Movants") Joint Motion to Remand to State Court.[1] (Doc. 18). Defendants Indemnity Insurance Company of North America ("Chubb"), Mohave Transportation Insurance Company ("Mohave"), and EMA Risk Services ("EMA") have filed suggestions in opposition to the motion (Docs. 28, 29, 30), to which Movants have filed a reply (Doc. 42). For the reasons set forth below, the Movants' Joint Motion to Remand to State Court is GRANTED. Because the motion to remand is granted, all other pending motions are DENIED as MOOT.

## I.     Background

This action arises from a trailer-truck accident between Beth Mayhew and Mr. Sadoyvh on February 24, 2023. (Doc. 1-2 at 3). At the time of the accident, Mr. Sadoyvh was employed by Nova First and Globex. (*Id.* at 4). Nova First and Globex owned the tractor-trailer. (*Id.*). Chubb

---

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

and Mohave jointly issued the insurance policy that afforded coverage to Nova First, Globex, and Mr. Sadovyh for the claims resulting from the accident. (*Id.* at 4-5). EMA is a third-party insurance administrator. (*Id.* at 5). Chubb and Mohave investigated the claims arising from the accident through EMA. (*Id.* at 6).

On July 19, 2023, Ms. Mayhew brought suit in the Circuit Court of Cole County, Missouri against Nova First, Globex, and Mr. Sadovyh for negligence in causing the injuries she sustained during the accident. (*Id.* at 7). Ms. Mayhew's husband, Matthew Mayhew, joined the action and alleged claims of loss and suffering resulting from his wife's inability to perform household and family tasks, chores, activities, and services. (*Id.* at 4). On November 26, 2025, following a jury trial, the Honorable Cotton Walker entered judgment for the Mayhews against Nova First, Globex, and Mr. Sadovyh in the total amount of $92,117,375.34, plus costs in the amount of $11,682.12. (*Id.* at 13-16).

## II.     Discussion

On January 7, 2026, Mr. and Mrs. Mayhew filed a Petition in the Circuit Court of Cole County, Missouri for equitable garnishment and alleged a violation of Missouri Revised Statute § 379.200. (Doc. 1-2). The Petition names Mr. Sadovyh, Nova First, Globex, Chubb, Mohave, and EMA as defendants. (*Id.*). On February 5, 2026, EMA filed a timely notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc 1). Defendants Chubb and Mohave consented to removal. (Docs. 19, 27). Defendants Nova First, Globex, and Mr. Sadovyh do not consent to removal. (*See* Doc. 18).

On February 18, 2026, the Movants filed the instant Joint Motion to Remand to State Court claiming that this Court lacks subject-matter jurisdiction because those three defendants do not consent to removal. (Doc. 18). Chubb, Mohave, and EMA filed suggestions in opposition to the

Joint Motion to Remand. (Docs. 28, 29, 30). The Movants filed a reply reasserting the arguments raised in the Joint Motion to Remand. (Doc. 43). Also pending before the Court is the Movants' Motion for Sanctions against EMA (Doc. 43), to which EMA has filed suggestions in opposition (Doc. 49). Finally, Defendants Chubb, Mohave, and EMA have filed Motions to Dismiss and suggestions in support, (Docs. 6, 7, 31, 32, 33, 34), to which Plaintiffs have filed replies (Docs. 40, 41). For the reasons that follow, the Court finds that remand is required and denies all other pending motions as moot.

### A. Legal Standard

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir 2009). A federal district court may exercise removal jurisdiction only when the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). A plaintiff may move to remand the case if the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

Federal district courts have original diversity jurisdiction over cases "between . . . citizens of different states" when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Subject matter jurisdiction asserted under 28 U.S.C. § 1332 may be maintained only where there is complete diversity, that is "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). If the requirements for diversity jurisdiction are met, a defendant may remove a case filed in state court to federal court. 28 U.S.C. § 1441. The removing party has the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro*, 591 F.3d at 620. If there are any doubts about

whether removal is proper, the federal court must remand the case to state court. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 405 (8th Cir. 2013) (quoting *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

In a civil action removed under section 1441(a), all defendants must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(a); *see Christiansen v. West Bank Cmty. School Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (reasoning that the unanimity requirement prevents duplicative litigation and prevents one defendant from imposing his choice of forum on his co-defendants). If any properly joined defendant fails to consent, removal is defective and the case must be remanded to state court. *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)).

### B. Nova First, Globex, and Mr. Sadovyh are not nominal parties.

There is no dispute that this case has complete diversity of citizenship and meets the amount-in-controversy requirement. *See* 28 U.S.C. § 1441. Rather, the Movants argue that remand is appropriate because all defendants must consent to removal, and Nova First, Globex, and Mr. Sadovyh do not consent to the removal of this action. (*See* Doc. 18). Chubb and EMA argue that Nova First, Globex, and Mr. Sadovyh are nominal parties, so their consent is not required. (Doc. 28 at 2-7; Doc. 29 at 6-8). Mohave concurs with Chubb's arguments. (Doc. 30). The Court finds that Nova First, Globex, and Mr. Sadovyh are not nominal parties. Therefore, their lack of consent makes removal defective and necessitates remand to state court.

A nominal party is a defendant against whom no real relief is sought. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (quoting *Percherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981)). A nominal party's consent to removal is not required. *Thorn*, 305 F.3d at 833; *see also Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967) ("[T]he presence

of nominal or formal or unnecessary parties has no controlling significance for removal purposes.").

The equitable garnishment statute at issue, Missouri Revised Statute § 379.200, provides

> Upon the recovery of a final judgment against any person, firm or corporation . . . the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company . . . and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity *against the defendant and the insurance company* to reach and apply the insurance money to the satisfaction of the judgment.

Mo. Rev. Stat. § 379.200 (emphasis added). The Eighth Circuit has held that the text of § 379.200 makes judgment debtors statutorily necessary parties. *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993). Because this statute requires judgment creditors to proceed against both the insured judgment debtor and the insurer, federal courts throughout this Circuit have rejected the argument that the insured judgment debtor is a nominal defendant to an equitable garnishment proceeding for diversity purposes. *See, e.g.*, *Roughton v. State Farm Fire & Cas. Co.*, No. 20-CV-00238-W-SRB, 2020 WL 4283921, at *2-3 (W.D. Mo. July 27, 2020) (collecting cases).

Chubb and Mohave argue that Nova First, Globex, and Mr. Sadovyh need not consent to removal of this § 379.200 action because they are "improperly-joined, [sic] nominal parties" and the Petition seeks no relief from them. (Doc. 28 at 6-7; Doc. 30 at 1-2). EMA asserts the same. (Doc. 29 at 6-8). As judgment debtors, Nova First, Globex, and Mr. Sadvoyh are not nominal parties. By its express terms, § 379.200 requires that plaintiffs name both the judgment debtor and the insurance company as defendants in an equitable garnishment action. Courts in the Eighth Circuit have routinely held that a judgment creditor is required to join both the judgment debtor and the insurance company in actions under § 379.200. *Reed v. ASSURANT, INC.*, No. 13-01183-

CV-W-GAF, 2014 WL 12607826, at *3 (W.D. Mo. Feb. 6, 2014). The fact that insurance may ultimately fund the judgment does not change who is legally liable or suggest that no meaningful relief is sought from Nova First, Globex, and Mr. Sadovyh. Accordingly, Nova First, Globex, and Mr. Sadovyh are statutorily necessary parties. *See Glover*, 984 F.2d at 261 (holding that judgment debtors must be joined in actions brought under § 379.200).

The Court rejects Chubb, Mohave, and EMA's argument that Nova First, Globex, and Mr. Sadovyh are merely nominal defendants. They are necessary and indispensable parties under the text of § 379.200 and supporting case law. Because Nova First, Globex, and Mr. Sadovyh are not nominal parties, their consent is required for removal.

### C. Nova First, Globex, and Mr. Sadovyh are not fraudulently joined.

In the alternative, Chubb and Mohave argue that Nova First, Globex, and Mr. Sadovyh are fraudulently joined parties because Plaintiffs' Petition for Damages is not a proper petition for equitable garnishment under § 379.200 as a matter of law. (*See* Docs. 28, 30). They contend that the Petition is improper because (1) the Petition contains allegations irrelevant to an equitable garnishment action; (2) the state court judgment is not final; and (3) EMA is a third-party claim administrator, not an insurance company, so claims against a party who cannot be in possession of the insurance money do not actually allege equitable garnishment. (Doc. 28 at 3-6; Doc. 30 at 1-2). EMA raises the same arguments and asserts that there is no cognizable claim against it in the Petition. (Doc. 29 at 4-5). The Movants maintain that Nova First, Globex, and Mr. Sadovyh are not fraudulently joined, and contend that the arguments raised by Chubb, Mohave, and EMA improperly ask the Court to determine the merits of a motion to dismiss. (Doc. 42 at 2-7). The Court finds that Nova First, Globex, and Mr. Sadovyh are not fraudulently joined.

A party is fraudulently joined when the claim against them is frivolous or otherwise illegitimate. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). A fraudulently joined party's consent is not needed for removal. *See Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017). When evaluating whether a party is fraudulently joined, "'the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *Filla*, 336 F.3d at 811). If there is a "reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Filla*, 336 F.3d at 810.

As discussed previously, Nova First, Globex, and Mr. Sadovyh are judgment debtors and are therefore statutorily necessary parties to this equitable garnishment action. There is a reasonable basis in both fact and law supporting the equitable garnishment claims against them. The claims against them are not fraudulent or otherwise illegitimate. *See Kendall v. N. Assur. Co. of Am.*, No. 09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009) ("[I]t cannot be said that such joinder [of judgment debtors] is fraudulent as a reasonable basis in fact and law is present."). Therefore, they are not fraudulently joined defendants.

Chubb, Mohave, and EMA's remaining arguments concern the legal sufficiency of the Plaintiffs' Petition. (Doc. 28 at 3-6; Doc. 29 at 4-5; Doc. 30 at 1-2). But the Eighth Circuit "requires the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" to show that a party has been fraudulently joined. *Palmer v. Nash*, No. 4:25-CV-392-ZMB, 2025 WL 2959226, at *4 (E.D. Mo. Oct. 20, 2025). It is not for this Court to decide the validity of the underlying judgment or sufficiency of the pleadings. There is a reasonable basis for predicting that state law might impose liability upon Nova First, Globex, and Mr. Sadovyh. *See Junk*, 628 F.3d at 445; *Filla*, 336 F.3d at 911. Section 379.200 requires that they be

named as defendants. *Glover*, 984 F.2d at 261. Accordingly, the Court finds that Nova First, Globex, and Mr. Sadovyh have not been fraudulently joined.

**D. Without consent to removal from Nova First, Globex, and Mr. Sadovyh, the case must be remanded.**

If a civil action is removed under 28 U.S.C. § 1441(a), all defendants must join in the removal or consent to it. 28 U.S.C. § 1446(b)(2)(a). If any properly joined defendant fails to consent to removal, then removal is defective. *Pritchett*, 512 F.3d at 1062.

This case was removed to federal court under 28 U.S.C. §§ 1332, 1441(a), and 1446(b). (Doc. 1 at 1). Nova First, Globex, and Mr. Sadovyh are properly joined defendants whose consent is necessary for removal. *See Pritchett*, 512 F.3d at 1062. Because they do not consent, the removal is defective and remand is required.

### III. Conclusion

For the reasons set forth above, the Court finds that the Joint Motion to Remand to State Court (Doc. 18) should be **GRANTED**. Further, the outstanding Motions to Dismiss (Docs. 6, 31, 33) are **DENIED as MOOT**. Finally, the outstanding Motion for Sanctions is **DENIED as MOOT**. (Doc. 43). Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiffs' and Defendants Nova First, Globex, and Vladimir Sadovyh's Joint Motion to Remand to State Court is GRANTED as set forth herein.

IT IS FURTHER ORDERED that this matter be remanded to the Circuit Court of Cole County, Missouri.

IT IS FURTHER ORDERED that Defendant EMA Risk Services, LLC's Motion to Dismiss, Defendant Indemnity Insurance Company of North America's Motion to Dismiss, and Defendant Mohave Transportation Insurance Company's Motion to Dismiss are DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiffs' and Defendants Nova First, Globex, and Vladimir Sadovyh's Motion for Sanctions is DENIED as MOOT.

Dated this 6th day of April, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge